# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-0235V

MAISE JOHNSON,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: April 30, 2024

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Joseph Adam Lewis, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 2, 2022, Maise Johnson filed a petition[2] for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine she received in her left

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner filed an amended petition on August 18, 2022, to correct the date of vaccination. *Compare* Petition at 1, ¶ 2, ECF No. 1 *with* Amended Petition at 1, ¶ 2, ECF No. 35-1; Exhibit 1 at 4 (vaccine record).

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

shoulder on December 13, 2020. Pet. at 1, ECF No. 1. On February 7, 2024, I issued a decision awarding damages to Petitioner based on Respondent's proffer. ECF No. 37.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $10,839.05 (representing $10,408.10 for fees and $430.95 for costs). Petitioner's Application for Attorneys' Fees, filed Mar. 25, 2024, ECF No. 43. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on April 4, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 44. Petitioner filed no reply.

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2024 hourly rates as follows: $400 for work performed by Laura Levenberg - representing a rate increase of $25; and rates ranging from $140 to $177 for work performed by various paralegals. ECF No. 43 at 10-11. I find these 2024 hourly rates to be reasonable, and will award the attorney's fees requested.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 43 at 12-16. And Respondent offered no specific objection to the rates or amounts sought. Thus, I find the amount of costs sought to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $<u>10,839.05</u> (representing $10,408.10 for fees and $430.95 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Laura Levenberg.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.